# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JONATHAN BARNABA, et al.** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 17-869** |
| **LINDA M. JOUBERT** | **JUDGE: NJB** <br> **MAGISTRATE JUDGE: KWR** |

## ORDER AND REASONS

Before the Court is Jonathan Barnaba and Kishandra Barnaba's (collectively, "the Barnabas") appeal from the United States Bankruptcy Court's June 26, 2017 "Order Confirming Chapter 13 Plan" entered in favor of the debtor Linda M. Joubert ("Joubert"). Considering the briefs filed by the parties, the record and the applicable law, for the reasons that follow, the Court will remand this matter to the Bankruptcy Court for the purpose of amending the confirmation order to include the reservation of rights language consistent with the May 30, 2017 Agreed Order and for any additional proceedings consistent with this opinion.

## I. Background

On January 4, 2017, Joubert filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code, resulting in an automatic stay of any litigation involving Joubert pursuant to 11 U.S.C. § 362.[1] On February 2, 2017, Joubert filed a Chapter 13 Statement, which listed the Barnabas as creditors with a total unsecured claim of $8,132.70.[2] On February 15, 2017, the Barnabas filed a proof of claim asserting a total unsecured claim of $2,000,000,[3] and Joubert filed

---

[1] Bankruptcy Rec. Doc. 1.

[2] Bankruptcy Rec. Doc. 8.

[3] Bankruptcy Rec. Doc. 1-1.

an objection disputing the claim amount.[4]

On February 2, 2017, Joubert filed a proposed Chapter 13 Plan.[5] On April 19, 2017, the Barnabas filed an Objection to the Chapter 13 Plan.[6] In the Objection, the Barnabas asserted that Joubert was a defendant in a personal injury action brought by the Barnabas in the 27th Judicial District Court for the Parish of St. Landry, arising from a motor-vehicle accident, "which caused catastrophic injuries to Jonathan Barnaba, including but not limited to, the amputation of Mr. Barnaba's left leg."[7] The Barnabas asserted that Joubert had "illegitimately instituted [the bankruptcy] proceedings to avoid judgment against her."[8] The Barnabas objected to their claim amount being listed as $8,132.70, asserting that there had not yet been a determination of the claim amount owed.[9]

On April 19, 2017, the Barnabas filed a "Motion to Dismiss Bankruptcy Proceeding and/or in the Alternative to Convert to Chapter 7 and to Lift Automatic Stay."[10] On April 27, 2017, Joubert filed an opposition to the Barnabas' motion.[11] On May 24, 2017, the Bankruptcy Court held a hearing on the Barnabas' motion and on Joubert's objection to the Barnabas' claim.[12] During the

---

[4] Bankruptcy Rec. Doc. 19.

[5] Bankruptcy Rec. Doc. 7.

[6] Bankruptcy Rec. Doc. 16.

[7] *Id.* at 1.

[8] *Id.*

[9] *Id.* at 2.

[10] Bankruptcy Rec. Doc. 17.

[11] Bankruptcy Rec. Doc. 24.

[12] Bankruptcy Rec. Doc. 29.

hearing, the Bankruptcy Court denied the motion and the parties agreed to submit a proposed order lifting the bankruptcy stay to allow the Barnabas' claim against Joubert to be litigated in state court.[13] The Bankruptcy Court ordered that Joubert's objection to the Barnabas' claim was withdrawn without prejudice, and a plan confirmation hearing was set for June 21, 2017.[14]

On May 31, 2017, the Bankruptcy Court entered the Agreed Order, ordering that: (1) the Automatic Stay was lifted to allow the Barnabas to proceed with the litigation pending in state court "for the sole purpose of determining liability and monetary damages"; (2) upon entry of the judgment the Barnabas would not seek to execute the judgment or seize any assets of the bankruptcy estate; and (3) the Barnabas would reserve the right "to file an amended proof of claim and/or object to the plan contingent upon rendition of the Judgment of the 27th Judicial District Court."[15]

On June 21, 2017, the Bankruptcy Court entered a minute entry stating that the Chapter 13 Plan would be confirmed without a formal hearing, which was cancelled due to inclement weather.[16] On June 26, 2017, the Bankruptcy Court entered an "Order Confirming Chapter 13 Plan."[17] Pursuant to the confirmation order, Joubert would make payments in the amount of $200 per month for 36 months.[18] Joubert also pledged her tax returns for the years 2016, 2017, and

---

[13] *Id.*

[14] *Id.*

[15] Bankruptcy Rec. Doc. 32.

[16] Bankruptcy Rec. Doc. 34.

[17] Bankruptcy Rec. Doc. 36.

[18] *Id.* at 1.

3

2018,[19] "to be paid to the Trustee to pay administrative expenses first and then, thereafter to the benefit of the general unsecured creditors."[20]

On July 6, 2017, the Barnabas filed a notice of appeal of the Bankruptcy Court's June 26, 2017 "Order Confirming Chapter 13 Plan."[21] On September 5, 2017, the Barnabas filed an appellant brief.[22] On October 11, 2017, Joubert filed an appellee brief.[23] On July 26, 2018, the case was reassigned to the undersigned Chief United States District Judge.[24]

## II. Issues Raised on Appeal

A. *The Barnabas' Appellant Brief*

The Barnabas raise four issues on appeal: (1) the Bankruptcy Court erred by entering the confirmation order without a hearing and an opportunity for the Barnabas to be heard; (2) the Bankruptcy Court's Order was based upon false representations or misstatements of fact by Joubert; (3) the Bankruptcy Court erred by entering the confirmation order before the amount of the debt had been determined; and (4) the debt is not a "consumer debt" within the meaning of Chapter 13.[25]

First, the Barnabas contend that the Bankruptcy Court erred in entering the confirmation

---

[19] *Id.*

[20] Bankruptcy Rec. Doc. 7.

[21] Rec. Doc. 1.

[22] Rec. Doc. 7.

[23] Rec. Doc. 9.

[24] Rec. Doc. 10.

[25] Rec. Doc. 7 at 4.

4

order without a hearing and an opportunity for the Barnabas to be heard.[26] The Barnabas assert that creditors are entitled to a hearing and an opportunity to be heard before entry of such an order.[27] Because this procedural prerequisite was not met, the Barnabas argue that the confirmation order should be vacated.[28]

Second, the Barnabas assert that the confirmation order was based upon false representations or misstatements of fact by Joubert.[29] The Barnabas cite an Eight Circuit case to support the assertion that "[a]n adjudication and order of confirmation of plan based upon *ex parte*, inaccurate, false misstatements of fact is patently wrong and should be vacated pending the ascertainment of the true facts."[30] The Barnabas note that "the debt arises out of a personal injury sustained by Jonathan Barnaba, for which there was and still is a legal action pending."[31] According to the Barnabas, the uncertainty of the debt should have precluded confirmation of the plan.[32] Likewise, because the debt is undetermined, the Barnabas contend that the Bankruptcy Court could not calculate monthly payments or determine whether the debt could be satisfied within the term provided by law.[33]

Third, the Barnabas assert that the Bankruptcy Court erred in entering the confirmation

---

[26] *Id.* at 6.

[27] *Id.* at 7 (citing 11 U.S.C. § 1325(b)(1)).

[28] *Id.*

[29] *Id.*

[30] *Id.* (citing *Hamilton v. Hamilton*, 358 F. App'x 762 (8th Cir. 2009)).

[31] *Id.* at 8.

[32] *Id.*

[33] *Id.*

order before the amount of the debt was determined.[34] According to the Barnabas, Joubert arbitrarily assigned the debt a value of $8,132.70, even though the amount of the debt has never been determined.[35] The Barnabas assert that the Bankruptcy Court failed to estimate the amount of the debt prior to confirmation, as the law requires.[36] The Barnabas note that Jonathan Barnaba suffered an amputated leg, total and permanent disability, and substantial medical expenses as a result of the motor-vehicle accident that is the source of the debt.[37] The Barnabas contend that the monthly payments required to satisfy this plan are "preposterous" considering the amount of the actual debt.[38]

Finally, the Barnabas argue that the debt is not a "consumer debt" within the meaning of Chapter 13 but instead is an unliquidated liability for personal injury.[39] Accordingly, the Barnabas assert that "the pending action by [Joubert] was improperly filed and the automatic stay ordered by [the Bankruptcy] Court was improvidently granted because liability in damages for a personal injury has never been held to be 'consumer debt' and self-evidently is not."[40]

### B.    Joubert's Appellee Brief

Joubert contends that this appeal is premature because the Barnabas' right to file an amended proof of claim or objection to the plan was reserved in the Agreed Order entered by the

---

[34] *Id.*

[35] *Id.* at 8–9.

[36] *Id.* at 9 (citing 11 U.S.C. 502(c)).

[37] *Id.*

[38] *Id.* at 10.

[39] *Id.* at 11.

[40] *Id.*

Bankruptcy Court on May 30, 2017.[41] After judgment is rendered by the state court in the underlying personal injury action, Joubert contends that the Barnabas have the right, pursuant to the Agreed Order, to amend the proof of claim and/or object to the plan.[42] Therefore, Joubert asserts that the Barnabas "have lost no rights as a result of the confirmation order."[43] Accordingly, Joubert argues that the matter should be remanded to the Bankruptcy Court for the purpose of amending the confirmation order to include the reservation of rights language consistent with the May 30, 2017 Order.[44]

### III. Jurisdiction

The Court has jurisdiction to hear this appeal pursuant to 28 U.S.C. § 158(a)(1), which authorizes appellate review of final orders, judgments and decrees of a United States Bankruptcy Court entered consistent with 28 U.S.C. § 157.[45] In appeals from bankruptcy courts, district courts sit as an appellate court.[46]

### IV. Standard of Review

A district court reviews a bankruptcy court's conclusions of law *de novo*, findings of fact for clear error, and mixed questions of law and fact *de novo*.[47] A district court may affirm, reverse

---

[41] Rec. Doc. 9 at 5.

[42] *Id.* at 6.

[43] *Id.*

[44] *Id.*

[45] 28 U.S.C. § 158(a)(1).

[46] 28 U.S.C. § 1334(b).

[47] *In re Nat'l Gypsum Co.,* 208 F.3d 498, 504 (5th Cir. 2000).

or modify a bankruptcy court's ruling, or remand the case for further proceedings.[48]

## V. Analysis

The Barnabas assert that the Bankruptcy Court erred by entering the confirmation order without a hearing, the Order was based upon false representations or misstatements of fact by Joubert, and the Order was entered before the amount of the debt had been determined.[49] In response, Joubert contends that this appeal is premature because the Barnabas' right to file an amended proof of claim or objection to the plan after the amount of the debt is determined was reserved in the Agreed Order entered by the Bankruptcy Court on May 30, 2017.[50] Accordingly, Joubert argues that the matter should be remanded to the Bankruptcy Court for the purpose of amending the confirmation order to include the reservation of rights language consistent with the May 30, 2017 Order.[51]

Chapter 13 of the Bankruptcy Code was created "to address consumer credit loss during the Great Depression by providing a completely voluntary proceeding for consumers to amortize their debts out of future earnings."[52] "The term 'consumer debt' means debt incurred by an individual primarily for a personal, family, or household purpose."[53] However, Chapter 13 does not cover only "consumer debt" as the Barnabas suggest, but also covers other types of secured

---

[48] Fed. R. Bankr. P. 8013.

[49] Rec. Doc. 7 at 4.

[50] Rec. Doc. 9 at 5.

[51] *Id.* at 6.

[52] *In re Mesa*, 467 F.3d 874, 877 (5th Cir. 2006) (quoting *In re Nolan*, 232 F.3d 528, 530 (6th Cir. 2000)).

[53] 11 U.S.C. § 101(8).

claims, priority claims, and general unsecured claims.[54] Chapter 13 is employed to permit wage-earning debtors "to reorganize with a repayment plan as an alternative to seeking a complete discharge of debts through the Chapter 7 bankruptcy liquidation process."[55]

Section 501(a) of the Bankruptcy Code permits a creditor to file a proof of claim in a Chapter 13 bankruptcy proceeding.[56] Although "no creditor is required to file a proof of claim,"[57] filing "may prove necessary when the claim incorrectly appears in the debtor's schedules or when the schedules list the claim as disputed, contingent or unliquidated."[58] Under Section 502(a) of the Bankruptcy Code, a proof of claim is deemed allowed, unless "a party in interest" objects.[59] Pursuant to Section 502(c) of the Bankruptcy Code, a "contingent" claim must be estimated where "the fixing" of the claim "would unduly delay the administration of the case."[60]

Section 1324 of the Bankruptcy Code provides that the Bankruptcy Court shall hold a hearing on confirmation of a Chapter 13 plan on notice to all parties in interest to consider whether the plan should be confirmed.[61] If the Chapter 13 trustee recommends confirmation prior to the hearing, and if there are no objections to confirmation filed by creditors, the Bankruptcy Court

---

[54] *See* 11 U.S.C. §§ 1322(a)(2) 11 U.S.C. § 1325(a)(5)(B) (requiring that a plan must provide for payment of a claim secured by property the debtor wants to keep and priority claims in full).

[55] *Mesa*, 467 F.3d at 877.

[56] *In re Simmons*, 765 F.2d 547, 551 (5th Cir. 1985).

[57] *Id.* (citing H.R.Rep. No. 595, 95th Cong., 1st Sess. 351 (1977), reprinted in 1978 U.S. Code Cong. & Ad.News 5963, 6307).

[58] *Id.* (citing 3 Collier on Bankruptcy ¶ 501.01, at 501-3 (15th ed. 1985)).

[59] 11 U.S.C. § 502(a).

[60] 11 U.S.C. § 502(c).

[61] 11 U.S.C. § 1324.

may confirm the plan without further proceedings.[62] "A confirmed chapter 13 plan is, of course, binding on all parties."[63] "Under 11 U.S.C. § 1329, however, the plan may be modified by either the debtor, trustee, or an unsecured creditor."[64] Section 1329(a) states:

> (a) At any time after confirmation of the plan but before the completion of payments under such plan, the plan may be modified, upon request of the debtor, the trustee, or the holder of an allowed unsecured claim, to–
> (1) increase or reduce the amount of payments on claims of a particular class provided for by the plan;
> (2) extend or reduce the time for such payments;
> (3) alter the amount of the distribution to a creditor whose claim is provided for by the plan to the extent necessary to take account of any payment of such claim other than under the plan; or
> (4) reduce amounts to be paid under the plan by the actual amount expended by the debtor to purchase health insurance for the debtor. . . .[65]

In this case, Joubert initially filed a Chapter 13 Statement, which listed the Barnabas as creditors with a total unsecure claim of $8,132.70.[66] In response, the Barnabas filed a proof of claim asserting a total unsecured claim of $2,000,000,[67] and Joubert filed an objection disputing the claim amount.[68] Joubert also filed a proposed Chapter 13 Plan,[69] to which the Barnabas objected.[70]

---

[62] *In re Moore*, 319 B.R. 504, 516 (Bankr. S.D. Tex. 2005).

[63] *Mesa*, 467 F.3d at 877 (citing 11 U.S.C. § 1327(a)).

[64] *Id.* (internal citations omitted).

[65] 11 U.S.C. § 1329(a).

[66] Bankruptcy Rec. Doc. 8.

[67] Bankruptcy Rec. Doc. 1-1.

[68] Bankruptcy Rec. Doc. 19.

[69] Bankruptcy Rec. Doc. 7.

[70] Bankruptcy Rec. Doc. 16.

The Bankruptcy Court held a hearing in this case on May 24, 2017, during which the Bankruptcy Court denied a motion filed by the Barnabas seeking to dismiss the bankruptcy case or convert the case to a Chapter 7 bankruptcy.[71] During the hearing, the Bankruptcy Court also ordered that Joubert's objection to the Barnabas' claim was withdrawn without prejudice.[72] The parties also agreed to submit an agreed order to the Bankruptcy Court.[73]

On May 31, 2017, the Bankruptcy Court entered the Agreed Order, ordering that: (1) the Automatic Stay was lifted to allow the Barnabas to proceed with the litigation pending in state court "for the sole purpose of determining liability and monetary damages"; (2) upon entry of the judgment the Barnabas would not seek to execute the judgment or seize any assets of the bankruptcy estate; and (3) the Barnabas would reserve the right "to file an amended proof of claim and/or object to the plan contingent upon rendition of the Judgment of the 27th Judicial District Court."[74]

As noted above, a proof of claim is deemed allowed, unless "a party in interest" objects.[75] Here, Joubert filed an objection to the Barnabas' proof of claim, but that objection was withdrawn without prejudice during the May 24, 2017 hearing. Therefore, because the objection was withdrawn, it appears that the Barnabas' proof of claim for $2,000,000 was deemed allowed. The Barnabas contend that the Bankruptcy Court erred in confirming the plan without a hearing, but in

---

[71] Bankruptcy Rec. Doc. 29.

[72] *Id.*

[73] *Id.*

[74] Bankruptcy Rec. Doc. 32.

[75] 11 U.S.C. § 502(a).

the Agreed Order the Barnabas reserved the right to file an amended proof of claim and/or objection to the plan contingent upon rendition of the Judgment of the 27th Judicial District Court. At that time, the Barnabas will have the right to move to modify the plan under 11 U.S.C. § 1329, if necessary. Accordingly, it appears that any objections to the plan were resolved during the May 24, 2017 hearing. Therefore, the Bankruptcy Court did not err in entering the confirmation order without conducting another formal hearing as to the rights of the parties to amend the plan. Furthermore, any objection to the claim were reserved during the hearing and in the May 30, 2017 Agreed Order. Accordingly, the Court will remand this case to the Bankruptcy Court for the purpose of amending the confirmation order to include the reservation of rights language consistent with the May 30, 2017 Order and for any further proceedings consistent with this opinion.[76]

## VI. Conclusion

For the reasons discussed above, the Court remands this case to the Bankruptcy Court for the purpose of amending the confirmation order to include the reservation of rights language consistent with the May 30, 2017 Agreed Order and for any additional proceedings consistent with this opinion.

Accordingly,

---

[76] *Id.* at 6.

**IT IS HEREBY ORDERED** that this matter is **REMANDED** to the Bankruptcy Court for the purpose of amending the confirmation order to include the reservation of rights language consistent with the May 30, 2017 Agreed Order and for any additional proceedings consistent with this opinion.

**NEW ORLEANS, LOUISIANA**, this 21st day of August, 2018.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**